IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**NICHOLE WARREN, SHELBI NIGH and**            **PLAINTIFFS**
**ALEXIS ANDREWS, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.            No. 5:23-cv-5004-TLB

**BOWDEN RESTAURANTS, LLC,**            **DEFENDANTS**
**and LARRY BOWDEN**

## ORIGINAL COMPLAINT – COLLECTIVE ACTION

Plaintiffs Nichole Warren, Shelbi Nigh, and Alexis Andrew (collectively "Plaintiffs"), by and through undersigned counsel, for their Original Complaint—Collective Action ("Complaint") against Defendant Bowden Restaurants, LLC, and Defendant Larry Bowden (collectively "Defendant" or "Defendants"), state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policing and practice of failing to pay Plaintiffs and similarly situated Servers sufficient wages under the FLSA and the AMWA.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

8. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Fayetteville Division of the Western District of Arkansas. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff Nichole Warren ("Warren") is an individual and resident of Washington County.

10. Plaintiff Shelbi Nigh ("Nigh") is an individual and resident of Washington County.

11. Plaintiff Alexis Andrews ("Andrews") is an individual and resident of Washington County.

12. Separate Defendant Bowden Restaurants, LLC ("Bowden Restaurants"), is a domestic limited liability company.

13. Bowden Restaurants' registered agent for service of process is Audra L. Bailey at 2766 Millennium Drive, Fayetteville, Arkansas 72703.

14. Separate Defendant Larry Bowden ("Bowden") is an individual and resident of Washington County.

## IV.   FACTUAL ALLEGATIONS

15. Defendants own and operate a restaurant in Farmington, Arkansas.

16. Bowden is a principal, director, officer, and/or owner of Bowden Restaurants.

17. Bowden took an active role in operating Bowden Restaurants and in its management.

18. Bowden, in his role as an operating employer of Bowden Restaurants, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

19. Bowden, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

20. Defendants employ two or more individuals who engaged in interstate commerce or business transactions, or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had

been moved in or produced for interstate commerce, such as food and beverage products.

21. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

22. Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

23. Defendants were, at all times relevant hereto, Plaintiffs' employer and are and have been engaged in interstate commerce as that term is defined under the FLSA and the AMWA.

24. Plaintiffs were employed by Defendants within the three years preceding the filing of this lawsuit.

25. Specifically, Defendants employed Warren as a Server from approximately May until August of 2022.

26. Defendants employed Nigh as a Server from approximately January of 2020 until August of 2022.

27. Defendants employed Andrews as a Kitchen Worker and Server simultaneously from approximately May of 2022 until September of 2022.

28. Plaintiffs regularly used the instrumentalities of interstate commerce, such as the internet and running customer credit cards, in carrying out her duties. Plaintiffs also regularly used their cell phone to communicate with Defendants and Defendants' other employees about their job duties and schedule.

29. Defendants classified Plaintiffs as hourly employees, nonexempt from the provisions of the FLSA and the AMWA.

30. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

31. Defendants also employed other hourly Servers within the three years preceding the filing of this lawsuit.

32. At all relevant times herein, Defendants directly hired Plaintiffs and other Servers to work on its behalf, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

33. In general, Defendants did not pay Plaintiffs an hourly or salary wage.

34. Defendants paid Andrews approximately $14.50 per hour for her time worked as a Kitchen Worker, but not as a Server.

35. Plaintiffs earned tips which constituted the entirety of their pay when their total tips exceeded minimum wage for the hours they worked, except as noted above regarding Andrews' Kitchen Worker pay.

36. In most weeks which Warren and Nigh performed work for Defendant, they received only tips as compensation.

37. In some weeks which Andrews worked for Defendant, she received only tips as compensation for her hours worked as a Server.

38. Defendants failed to pay Plaintiffs and other Servers a proper minimum wage for all hours worked.

39. Plaintiffs and other Servers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

40. At all relevant times herein, Defendants did not pay Plaintiffs regular wages for all hours worked.

41. Plaintiffs regularly or occasionally worked hours over 40 in a week.

42. Defendants did not pay Plaintiffs 1.5x their regular rate of pay for hours worked over 40 in a week.

43. Plaintiffs and other Servers recorded their hours worked via Defendants' electronic time keeping system.

44. Upon information and belief, Defendants distinguished between the time Andrews worked as a Kitchen Worker and as a Server using the restaurant's electronic table management system, which purported to track the time she spent serving tables.

45. Plaintiffs performed all or almost all of their work on Defendants' premises.

46. Defendants knew or should have known that Plaintiffs worked hours for which they were not compensated.

47. Plaintiffs are entitled to wages and compensation based on the standard minimum wage for all hours worked and to 1.5x their regular rate for all hours worked over 40 in a week.

48. Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

### V.    REPRESENTATIVE ACTION ALLEGATIONS

49. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all

persons similarly situated, and any other employees who performed the same or similar work, regardless of job title, who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Minimum wage for all hours worked;

    B.    Regular wages and overtime premiums for all hours worked over forty hours in any week;

    C.    Liquidated damages; and

    D.    Attorney's fees and costs.

50. Plaintiffs propose the following collective under the FLSA:

**All Servers within the past 3 years.**

51. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

52. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

53. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They received tips;

    B.    They were paid primarily in tips;

    C.    They had substantially similar job duties and responsibilities; and

    D.    They were paid below minimum wage.

54. Plaintiff is unable to state the exact number of the collective but believes that it exceeds 10 persons.

55. Plaintiff is unable to state the exact number of the collective but believes that it exceeds 10 persons.

56. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

57. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

58. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

59. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

61. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. 29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

63. During the period relevant to this lawsuit, Defendants classified Plaintiffs as nonexempt from the requirements of the FLSA.

64. Despite the entitlement of Plaintiffs to lawful minimum wages under the FLSA, Defendants failed to pay Plaintiffs for all hours worked, as required by the FLSA.

65. Despite the entitlement of Plaintiffs to overtime premiums under the FLSA, Defendants failed to pay Plaintiff 1.5x her regular hourly rate for all hours worked over 40 in a week, as required by the FLSA.

66. Defendants knew or should have known that their actions violated the FLSA.

67. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

68. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

69. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

70. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

71. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

72. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

73. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

74. Defendants classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

75. Defendants failed to pay Plaintiffs and similarly situated employees a lawful minimum for all hours worked.

76. Defendants failed to pay Plaintiffs and similarly situated employees 1.5x their regular hourly rate for all hours worked over 40 in a week.

77. Defendants knew or should have known that its actions violated the FLSA.

78. Defendants' conduct and practices, as described above, were willful.

79. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

80. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

81. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

82. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

83. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

84. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

85. Defendants classified Plaintiffs as nonexempt from the requirements of the AMWA.

86. Defendants failed to pay Plaintiffs a lawful minimum wage.

87. Defendants failed to pay Plaintiffs 1.5x their regular rate of pay for all hours worked over 40 per week.

88.     Defendants knew or should have known that its practices violated the AMWA.

89.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

90.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

### IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Nichole Warren, Shelbi Nigh and Alexis Andrews respectfully pray that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.      A declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages for all unpaid wages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

D.      Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

E.      An order directing Defendants to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFFS NICHOLE WARREN, SHELBI NIGH and ALEXIS ANDREWS, Each Individually and on Behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com